[Cite as *Kanter v. Ohio Dept. of Transp.*, 2011-Ohio-1122.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MORTON J. KANTER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-10696-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Morton J. Kanter, filed this action against defendant, Department of Transportation (ODOT), contending two tires on his 2010 Honda Accord were damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 270 in Franklin County. Plaintiff described his damage occurrence noting his car "hit a pothole or rut" in the roadway on Interstate 270 South in the left lane at some point between Morse Road and the Interstate 670 West exit. Plaintiff recalled his damage incident occurred "[o]n the evening of August 30, 2010." In his complaint, plaintiff claimed damages in the amount of $548.54, the cost of replacement tires and related repair expenses. The $25.00 filing fee was paid and plaintiff requested recovery of that cost along with his damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's August 30, 2010 described occurrence. Defendant located the particular pothole "at milepost 35.38 on I-270 in Franklin County." Defendant explained that ODOT records show no reports of a pothole at the location recorded prior to plaintiff's damage event. Defendant related that ODOT received fourteen complaints of potholes

on Interstate 270 "from July 1 to August 26, 2010, and none of them are in the same location as plaintiff's incident." Defendant advised no prior reports of a pothole at milepost 35.38 were received despite the fact "[t]his section of roadway has an average daily traffic count between 120,980 and 135,820 vehicles."

{¶ 3} Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole at milepost 35.38 was present on the roadway prior to August 30, 2010. Defendant suggested that, "it is more likely than not the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to August 30, 2010. Defendant asserted that, "[t]he roadway was in relatively good condition at the time of plaintiff's incident." Defendant argued plaintiff failed to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that six (6) pothole patching operations were conducted in the same location as plaintiff's incident which was the southbound direction." Defendant's submitted records show ODOT crews patched potholes in the vicinity of plaintiff's damage occurrence on March 20, 2010, March 29, 2010, May 13, 2010, May 28, 2010, August 25, 2010, and August 26, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair." Defendant's submitted "Maintenance History" only addressed pothole patching operations conducted on Interstate 270 between February 28, 2010 and August 26, 2010. Defendant did not submit any documentation showing the date when the pothole at milepost 35.38 was reported or repaired. The claim file is devoid of any inspection record.

{¶ 5} Plaintiff filed a response. Plaintiff did not produce any evidence to establish the length of time the particular pothole at milepost 35.38 on Interstate 270 existed prior to 9:39 p.m. on August 30, 2010; the stated time and date of the incident

forming the basis of this claim.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge. *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."

*Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole.

{¶ 11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident in the southbound lanes of Interstate 270 on August 26, 2010 does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of

defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MORTON J. KANTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-10696-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                                    _____

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Morton J. Kanter
103 S. Dawson Avenue
Columbus, Ohio  43209

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/14
Filed 1/7/11
Sent to S.C. reporter 3/4/11